# LAMOILLE COUNTY.

## AUGUST TERM, 1839.

PRESENT, HON. STEPHEN ROYCE,
    " JACOB COLLAMER,
    " ISAAC F. REDFIELD, } *Assistant Justices.*
    " MILO L. BENNETT,

## REYNOLDS & WIRES *v.* ASA M. FRENCH.

Where the plaintiff complains that the defendant had induced him to give up notes, on part payment, by falsely and fraudulently stating that all his property was turned out to secure or pay other debts, the defendant may show, that the plaintiff was induced by other considerations to give up the notes, but he cannot be permitted to prove that he owed other debts to the amount of his property, on which debts no property had been turned out.

THIS was an action of assumpsit on sundry promissory notes including general counts.

Plea, *non assumpsit,* and trial by jury.

The plaintiffs sought to recover about the sum of two hundred and twenty dollars remaining unpaid upon the notes declared upon, which notes, it was admitted, had been delivered up by the plaintiffs to the defendant, to be cancelled, before the commencement of this action, but so delivered up, as the plaintiffs insisted, in consequence of the false and fraudulent representations of the defendant, as to the disposition of his property, and as to his ability to pay the balance of said notes.

LAMOILLE,
July,
1839.

Reynolds &
Wires
v.
French.

The plaintiffs proved that said notes were given for a quantity of butter sold by them to the defendant and others, at the date of said notes,—and introduced testimony tending to prove, that, about the 14th day of March, 1834, the defendant, French, the other purchasers being wholly insolvent, and unable to pay any thing, called on the plaintiffs, and represented to them, that he had honestly disposed of all his property, both real and personal, in payment of his honest debts, and that all he had left in the world was four hundred and forty dollars in cash, which he stated was the sum he received for said butter in market, and which he offered to pay to the plaintiffs, if they would give up the notes; at the same time declaring to them, that this was all that he could do, and if they did not take said sum, and give up the notes, they would get nothing, as he could go to St. Albans. That after a day or two the parties again met on the subject, when the plaintiffs received the sum of four hundred and fifty dollars of said French, and gave up said notes.

The plaintiffs' testimony also tended to prove, that said French, at the time in question, and before, was in possession of a farm, estimated to be worth from eight hundred to one thousand dollars, which he had conducted and improved, as the ostensible owner thereof; and that until just before he first called on the plaintiffs, as aforesaid, he owned and had in possession on said farm a sufficient stock for the convenient and profitable use of said farm, viz.,—two yoke of oxen, two or three horses, several cows, and other stock, together with one or more wagons, and a usual supply of other farming carriages and implements,—and was generally reputed and believed to be in flourishing and responsible circumstances. That immediately before so calling on the plaintiffs, he had divested himself of all or nearly all of said property which was legally attachable for debt, professedly in payment of, or security for, other debts,—saying he expected the plaintiffs would sue him, and he chose to pay his honest creditors in preference to them, and that within a few days after getting up said notes, as aforesaid, he applied to the several persons to whom he had disposed of his personal property as aforesaid, and received back said property,

LAMÓILLE,
August,
1839

Reynolds &
Wires
v.
French.

leaving his debts and dealings to and with those persons as they stood before ;—and that, in some instances, he merely deposited property with his neighbors, and received it back after the compromise with plaintiffs was effected.

It appeared that the title to the farm, aforesaid, was in the defendant and his brother, who resided at Irasburgh,—subject to the support of their parents, who lived with the defendant ;—and that the defendant, while disposing of his other property as aforesaid, executed and caused to be recorded, a conveyance of his interest in said farm, to his said brother. And the evidence tended to show, that this was done without the request or knowledge of said brother, at or previous to said conveyance, though he afterwards accepted the deed.

The defendant offered testimony to prove, that at the time of his said adjustment with the plaintiffs he was justly indebted to other persons to an amount more than equal to all the property so previously in his possession, as aforesaid. To this evidence the plaintiffs objected, as being irrelevant, but the court overruled the objection. And the evidence tended to establish an amount of debts exceeding the value of all the personal property of which the defendant, at the time of said adjustment with the plaintiffs, had been recently in possession. These were debts to others, as well as those to whom he had turned out property ;—and that the incumbrance upon said farm, consisting in the obligation to support the defendant's parents, was equal to the value of said farm, so that the defendant's interest therein was of no value. He also introduced evidence tending to prove, that during the negotiation with the plaintiffs, for getting up said notes, he urged upon them various considerations, contending that, in justice, they ought to make the abatement from their claim, which they finally did make. Among these was the admitted irresponsibility of the other purchasers ;—and the fact, as the evidence tended to prove, that one of the plaintiffs, having been in Boston, while the butter was in store there unsold, and having authority from the defendant to make sale thereof, had refused to sell the same at a higher price, by two or three cents per pound, than the defendant was at last obliged to sell for ;—that the sum paid to the

LAMOILLE,
August,
1839.

Reynolds &
Wires
v.
French

plaintiffs was, in fact, as the evidence also tended to prove, the whole sum for which said butter was sold. The defendant also offered to prove said butter to have been of inferior quality,—which showing was objected to by the plaintiffs but admitted by the court, there being evidence tending to show that he urged this as ground of deduction from the plaintiffs' claim. And the evidence thus admitted tended to show, that a small portion of said butter was of stale and inferior quality, but that the whole lot, taken together, was of average quality of store butter. It also appeared that, during said negotiation, it was agreed between the plaintiff, Wires, and said French ;—that, John Warner, Esq. should decide as an arbitrator, how said business should be settled, and that said parties appeared before said arbitrator, but that nothing further was done under the submission, either because said arbitrator declined to act, or because the other plaintiff had not been consulted. The defendant introduced testimony tending to show, that the property thus deposited with his neighbors, pending his negotiations with the plaintiffs, belonged, in part, to his father and sister, and that some of it had been recently purchased by him, but not paid for, and that his object was to prevent a loss of said property to the seller.

And he also produced evidence tending to explain the transactions aforesaid, with a view to repel the imputation of fraud. The jury were instructed to inquire, whether the defendant, French, had been guilty of the fraud of which the plaintiffs complained. And also, whether the plaintiffs were induced by such fraud of the defendant to give up said notes without full payment, or were influenced in so doing by the other considerations, which the defendant had attempted to show. That if the fraud was made out, and they believed the plaintiffs were induced by it to give up the notes, they were entitled to recover. But if they should not find the fraud established, or if they should not believe the plaintiffs were influenced by it to make the compromise, the defendant was entitled to a verdict. There being no exceptions to the charge, the terms in which it was given are not detailed.

Verdict and judgment for the defendant. And to the sev-

LAMOILLE,
*August*,
1839.

Reynolds &
Wires
*v.*
French.

eral decisions of the court, admitting evidence as aforesaid, the plaintiffs excepted.

*H. R. Beardsley and S. Wires*, for plaintiffs.

*S. S. Brown and L. B. Vilas*, for defendant.

The opinion of the court was delivered by

COLLAMER, J.—The plaintiffs insisted, and gave evidence tending to prove, that the fraud practised on them, and by which they were induced to give up the notes, upon part payment, was this ; that the defendant, French, stated to them that he had turned out all his attachable property in security or payment of his other debts, leaving nothing on which the plaintiffs could levy. They also gave evidence tending to prove, that a part of French's attachable property had been turned out and delivered to persons who had no debts, colorably and upon secret trust for French. The defendant, then, should have been confined to disproving these things, that is, he might prove that French did not state as the plaintiffs alleged, or that they were not thereby deceived but gave up the notes on other considerations, or that what French stated was true, in this, that the property was not his or was actually turned out on *bona fide* debts. The defendant was permitted, though objected to, to prove that the butter, for the purchase of which the notes were given, was of inferior quality, that he paid the plaintiffs all it brought in the market, and that he so told the plaintiffs. This was no error. It was testimony tending to show that the plaintiffs were thereby induced to give up the notes, on the ground that they would have suffered the loss, had they not sold the butter to the defendant. And if the jury were convinced that the plaintiffs were operated upon, by this consideration, in what they did, then they were not defrauded.

The defendant was also permitted, though objected to, to prove that he owed others, besides the plaintiffs, to an amount as great as all of his property. This most clearly did not tend to prove that he had not made entire false statements to the plaintiffs, nor that they were not thereby deceived. Unless French's attachable property had been turned out on these debts, it did not lessen the fund from which the plaintiffs could have enforced payment. It did not, in any way, sustain the truth of any of the state-

LAMOILLE,
*August,*
1839.

Reynolds &
Wires
*v.*
French.

ments of which the plaintiffs complained, nor tend to show that they did not rely thereon. Its admission was, therefore, error, and, for this,

Judgment is reversed.